## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH BROOKS, JR. on behalf of himself and all others similarly situated, | : :  : |
| Plaintiff, | :  No.: 06-CV-955 : |
| v. | : : |
| WACHOVIA BANK, N.A., et al., | : : |
| Defendants. | : : |

## **ORDER**

**AND NOW**, this _____ day of _____, 2006, upon consideration of the Supplemental Motion of the Evergreen Fund Defendants to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

**BY THE COURT**

_____
**GILES, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RALPH BROOKS, JR. on behalf of himself and all others similarly situated, | : : : : |
| Plaintiff, | : No.: 06-CV-955 |
| v. | : : |
| WACHOVIA BANK, N.A., et al., | : : |
| Defendants. | : : |

**SUPPLEMENTAL MOTION OF THE EVERGREEN FUND**
**DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, the Evergreen Funds and Michael S. Scofield (the "Evergreen Fund Defendants"), by and through their undersigned counsel, move this Court for an Order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure. The Evergreen Fund Defendants incorporate herein by reference the Motion of All Defendants to Dismiss Plaintiff's Complaint, filed contemporaneously herewith.

In addition, as set forth more fully in the accompanying Memorandum of Law and exhibit, incorporated herein by reference as though fully set forth, Plaintiff's asserted state law claims are untenable because, among other reasons, they have been released, they are pre-empted by the Securities Litigation Uniform Standards Act, and they seek recovery for conduct that is authorized and permitted under the law. Furthermore, this Court lacks personal jurisdiction over the Evergreen Fund Defendants.

        Respectfully submitted,

         /s/ *Elizabeth F. Abrams*
       John D. Donovan, Jr.
       Mark A. Landis
       **ROPES & GRAY LLP**
       One International Place
       Boston, MA  02110-2624
       617-951-7000

       Andrew J. Soven (Pa. Id. No. 76766)
       Elizabeth F. Abrams (Pa. Id. No. 86525)
       **REED SMITH LLP**
       2500 One Liberty Place
       1650 Market Street
       Philadelphia, PA 19103
       (215) 851-8100

       Gregory B. Jordan (Pa. Id. No. 42105)
       Mary J. Hackett (Pa. Id. No. 51215)
       Sharon L. Rusnak (Pa. Id. No. 84339)
       **REED SMITH LLP**
       435 Sixth Avenue
       Pittsburgh, PA 15219
       (412) 288-3131

       Attorneys for Defendants the Evergreen Funds and Michael S. Scofield

**Error! Unknown document property name.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RALPH BROOKS, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WACHOVIA BANK, N.A. et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-CV-955 |

**THE EVERGREEN FUND DEFENDANTS'**
**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Evergreen Funds and Michael S. Scofield (the "Evergreen Fund Defendants") join fully in the Memorandum of Law in Support of the Motion of All Defendants to Dismiss Plaintiff's Complaint. These defendants submit this short Supplemental Memorandum to advance briefly three additional arguments that apply uniquely to them.

Those arguments illustrate the infirmity of the complaint. For as alleged in the pleading, the role that the Evergreen Funds and Mr. Scofield played was utterly passive: they are alleged only to have *acquiesced* in the decision by a bank trustee to invest trust assets in certain mutual funds. But that is like saying that a bank trustee's decision to buy IBM stock exposes IBM (!) – and its Board Chair to boot – to liability for serving as an investment instrument. These defendants' passive roles, moreover, expose the absence of personal jurisdiction over them. Nothing that they are alleged to have done – or more accurately, *not* done – occurred anywhere near Pennsylvania such that they could reasonably be expected to litigate here about their

*in*action.  The plaintiff's final fallback – that the mutual funds into which the bank trustee invested trust assets pay "excessive" fees – is similarly illogical in naming the mutual funds as defendants.  On the plaintiff's theory, the mutual funds are the *victims* of any excess, not the perpetrators;  they *pay* the allegedly wrongful fees.  But that reality, too, unmasks the pleading's legal infirmity.  As a matter of law, any "excessiveness" in mutual fund management fees is regulated exclusively by the Investment Company Act of 1940.  And that statute makes clear that mutual funds are not proper defendants to such a charge.

In short, there is no case here.  But if there is, it is not properly brought against the mutual fund investments into which the bank trustee placed trust assets.   For all the reasons set forth in the defendants' joint memorandum – and for the additional reasons set forth below – the plaintiff's complaint should be dismissed with prejudice.

**I.      Defendants Are Not Subject to Fiduciary Liability Due To The Action Of Third Parties.**

The gravamen of the plaintiff's complaint is that a bank trustee breached its contract or its fiduciary obligation in removing trust assets from "common trust funds" to invest them in mutual funds that certain bank affiliates served as investment adviser and distributor.  As the defendants' joint memorandum showed, that essential claim is barred by multiple principles, including a prior release, the terms of the trust instruments themselves, Pennsylvania law, the passage of time and SLUSA.  Those defenses apply fully to the Evergreen Funds and Mr. Scofield.

But perhaps more importantly, the notion that the mutual funds *into which* the trustee decides to invest can be legally responsible for that decision is logically untenable. A mutual fund no more *decides* who purchases its shares, or *participates* in that decision, than does any

other investment instrument.  The fund exists, and its shares are purchased or not, but the fund itself plays no role in that decision, and obtains no benefit or detriment from it.

Indeed, the passive nature of a mutual fund's role in every decision to purchase its shares stems from the very nature of what a mutual fund is, how it operates, and how it is regulated. Consistent with the Investment Company Act of 1940 and industry practice, the management of mutual funds like the Evergreen Funds is completely "externalized." Pursuant to contracts regulated under the '40 Acts, outside entities distribute its shares and conduct all portfolio operations.  As juridical entities, then, the funds themselves are effectively fictions:

> "'[a] mutual fund is a 'mere shell,' a pool of assets consisting mostly of portfolio securities that belongs to individual investors holding shares in the fund.  The management of this asset pool is largely in the hands of an investment adviser, an independent entity which generally organizes the fund and provides it with investment advice, management services, and office space and staff.  The adviser either selects or recommends the fund's investments and rate of portfolio turnover, and operates or supervises most of the other phases of the fund's business.'"

*In re Fidelity/Micron Securities Litigation*, 964 F.Supp. 539, 343 (D. Mass. 1997) (*quoting Tannenbaum v. Zeller*, 552 F.2d 402, 405 (2d Cir. 1977)). "Although [a mutual fund] has a board of directors and officers necessary to conduct business, a mutual fund has no employees or physical presence, and is simply a pool of securities that relies upon third-parties to conduct its day-to-day operations." M. L. Fein, MUTUAL FUND ACTIVITIES OF BANKS, § 1.04 at 10 (1993); *see also Burks v. Lasker*, 441 U.S. 471, 480-82 (1978); *Report of the Securities and Exchange Commission on the Public Policy Implications of Investment Company Growth*, H. R. REP. NO. 2337, 89th Cong., 2d Sess., at 49 (1966) ("The practice of buying investment advice and management from an external adviser is one of long standing"). *See Burks v. Lasker*, 441 U.S. at 480-8; *see also, e.g.*, Investment Company Act, 15 U.S.C. §§ 80a-10(a)-(b), 80a-15(a)-(c).

That essential nature of what a mutual fund is and how it operates extinguishes any logical claim that the conduct alleged here – acquiescing in someone else's decision to purchase mutual fund shares – justifies liability on the part of the funds themselves or their board chairman.

## II. The Claims Against The Evergreen Fund Defendants Should Be Dismissed Because The Court Lacks Personal Jurisdiction Over These Defendants.

There is no basis for a federal district court sitting in Pennsylvania to exercise personal jurisdiction over the Evergreen Funds or Mr. Scofield. Plaintiff's claims do not arise from any alleged activity of these Defendants in the Commonwealth of Pennsylvania. Furthermore, these Defendants do not have continuous or systematic contacts with Pennsylvania to permit this Court to exercise personal jurisdiction over them.

Federal Rule of Civil Procedure 4(e) permits a district court to assert personal jurisdiction of a nonresident to the extent allowed under the law of the state where the court sits. Furthermore, Pennsylvania law "authorizes long-arm jurisdiction to the extent permitted by the due process clause" of the Constitution. *Visual Securities, Inc. v. KTV, Inc.*, 102 F. Supp.2d 601, 602 (E.D. Pa. 2000); 42 Pa. C.S. § 5322(b). However, once a defendant raises the defense of lack of personal jurisdiction, the burden falls upon the plaintiff "to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Savings Bank, F.A. v. Shusan*, 954 F.2d 141, 146 (3d Cir. 1992); *see IMO Indus., Inc. v. Kiekert, AG*, 15 F.3d 254, 257 (3d Cir. 1998); *Mellon Bank (East) PFSS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

To establish the propriety of personal jurisdiction, a plaintiff must present "a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank*, 960 F.2d at 1223

- 4 -

(internal citations omitted).  The determination of a motion challenging personal jurisdiction "requires resolution of factual issues outside the pleadings." *Timeshare Vacation Club v. ATL Resorts. Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  The plaintiff must sustain its burden of proof by "establishing jurisdictional facts through sworn affidavits or other competent evidence," and "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.*

The exercise of personal jurisdiction over a nonresident defendant is appropriate only if there exist sufficient "minimum contacts" between the defendant and the forum state such that the maintenance of the suit in that state does not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 396 U.S. 310, 316 (1945).  Of prime concern is the "predictability and fairness of the court taking jurisdiction over the defendant." *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 155 (D.N.J. 1990).  As such, a court is precluded from asserting jurisdiction over a defendant having no "contact, ties, or relations," with the forum state.  *International Shoe*, 326 U.S. at 319.  While there is no fixed standard for assessing the required contacts, predictability and fairness dictate that there must exist, at a minimum, "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *International Shoe*, 326 U.S. at 319).  The requirement of "purposeful availment" ensures that a nonresident defendant will not be haled into a foreign court's jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

General personal jurisdiction may be exercised where a nonresident defendant has maintained "continuous and systematic" contacts with the forum state and the plaintiff's claims

do not arise out of those contacts with the forum state. *Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific personal jurisdiction may be obtained where the plaintiff's cause of action "arises from the defendant's forum related activities, such that the defendant 'should reasonably anticipate being haled into court there.'" *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1996). In this case, however, Plaintiff cannot establish either general or specific personal jurisdiction over Mr. Scofield or the Evergreen Funds.

### A.   Mr. Scofield and the Evergreen Funds are Not Subject to General Personal Jurisdiction in Pennsylvania.

A court may exercise general personal jurisdiction over a defendant based on that defendant's general business contacts with the forum state. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). General jurisdiction, however, only exists in cases where the plaintiff can demonstrate that the defendant "has maintained 'continuous and substantial' contacts with the forum state" and "carries on 'a continuous and systematic part of its general business within [Pennsylvania].'" *Lehigh Coal & Navigation Co. v. Geko-Mayo, GMBH*, 56 F. Supp.2d 559, 565, 570 (E.D. Pa. 1999) (internal citations omitted).

In the instant case, Plaintiff cannot establish general personal jurisdiction over Mr. Scofield or the Evergreen Funds because these Defendants do not have any continuous and systematic contacts with the Commonwealth of Pennsylvania that would justify the exercise of general personal jurisdiction. Mr. Scofield is a resident of Maryland. Mr. Scofield does not live or work in Pennsylvania. Mr. Scofield is a member of the boards of trustees of each of the Evergreen mutual funds. "Evergreen Funds" is not an organized entity. Rather, the "Evergreen Funds" is the trade name for a "family" of approximately 90 mutual funds, each of which is organized as a Delaware statutory trust, or a series of beneficial interest of a Delaware statutory

trust.  Neither the "Evergreen Funds," nor any of the trusts or series thereof, have a place of business in Pennsylvania or maintain an office in Pennsylvania.  *See* Declaration of Irma Gomez, attached as Exhibit A  Moreover, the Evergreen Funds maintain no telephone listings or mailing addresses in Pennsylvania nor do the Evergreen Funds have any employees working in Pennsylvania. .

To establish general jurisdiction, a plaintiff must show that the defendant maintained "continuous and substantial" forum contacts.  *Lehigh Coal*, 56 F. Supp.2d at 565, 570.  In evaluating the nature and quality of the contacts with the forum, "the court should look to the party's 'purposeful and extensive availment' of a forum."  *Molnlycke Health Care v. Dumex Medical Surgical Products, Ltd.*, 64 F. Supp.2d 448, 450 (E.D. Pa. 1999) (citing *Provident Nat'l Bank*, 819 F. 2d at 437); *see Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)(declining to find general personal jurisdiction over defendant who had purchased 80% of its helicopters and approximately $4 million worth of spare parts and accessories in Texas, and who sent prospective pilots to Texas for training and to transport helicopters to South America).

Because there is no evidence that Mr. Scofield or the Evergreen Funds has had "daily, regular contact" with Pennsylvania such that Pennsylvania is an "essential part" of the conduct of their business, the exercise of general personal jurisdiction over these Defendants would be improper.  *Molnlycke*, 64 F. Supp. 2d at 452.[1]

---

[1] Further, the marketing and sale of shares of the Evergreen mutual funds by third parties in Pennsylvania does not provide a basis for personal jurisdiction over the Evergreen Funds.  *See, e.g., Campbell v. Bridgestone (USA), Inc.*, N. H-05-0872, 2005 U.S. Dist. LEXIS 36259, at *10-11 (S.D. Tex. Dec. 9, 2005).

### B. The Evergreen Funds and Mr. Scofield Are Not Subject to Specific Jurisdiction.

To establish specific jurisdiction, a plaintiff must satisfy a three part test. *S. Morantz, Inc. v. Hang & Shine Ultrasonic, Inc.*, 79 F. Supp. 2d 537, 539 (E.D. Pa. 1999). First, the plaintiff must establish that the defendant has constitutionally sufficient minimum contacts with the forum. *See id.* at 539. Specifically, the defendant must have purposely availed itself of the privilege of conducting business in the forum state through contacts that were more that merely 'random,' 'fortuitous,' or 'attenuated.'" *Id.* (citing *Burger King Corp. v. Rutzewicz*, 471 U.S. 462, 475 (1985)). Second, the plaintiff's claims must arise out of those sufficient minimum contacts. *See id.*; *see also Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Finally, the district court must determine the exercise of jurisdiction is reasonable and complies with "traditional notions of fair play and substantial justice." *Id.* (*citing International Shoe*, 326 U.S. at 316).

In regard to Mr. Scofield and the Evergreen Funds, Plaintiff's Complaint generally alleges that these Defendants were active participants in other Defendants' alleged wrongdoing. *See, e.g.*, Complaint ¶¶ 23, 24. This is not nearly enough to support a finding of specific jurisdiction. As explained above, Plaintiff cannot show sufficient minimum contacts between these Defendants and Pennsylvania.

Because Plaintiff cannot establish that the claims against these two Defendants arise out of any contacts they might have had with Pennsylvania, Plaintiff cannot satisfy the second prong of the specific jurisdiction test. *See Pinker v. Roche Holdings Ltd.*, 292, F.3d 361, 368 (3d Cir. 2002) (noting that with the traditional analysis of personal jurisdiction, the exercise of specific jurisdiction requires that the plaintiff's claim be related to or arise out of the defendant's contacts with the forum). As such, the Court need not address the remaining elements of the specific

jurisdiction test, and the Court may dismiss the claims against the Evergreen Funds and Mr. Scofield on the grounds that it lacks personal jurisdiction over these two Defendants.

**III.     The Evergreen Funds Are Statutorily Required to Act Through Other Entities.**

Evergreen's variety of mutual funds -- labeled registered investment companies, or "RICs" by the Tax Court -- are in fact different series of Delaware statutory trusts. Those trusts have a single board of trustees, and each series of common shares is offered as a discrete "mutual fund" to Evergreen's customers.

Plaintiffs complaint alleges that these industry practices, as dictated by Federal law, are inappropriate. However, Plaintiff fails to identify which fees he deems to be excessive and moreover, he fails to articulate any facts to support his allegation that any such fees charged for management, administrative or otherwise were excessive. Moreover, to the extent that any fees were excessive, the liability rests with the payee, not the payor. 15 U.S.C.A. § 80a-35(b).("No such action shall be brought or maintained against any person *other than the recipient* of such compensation or payments, and no damages or other relief shall be granted against any person *other than the recipient* of such compensation or payments.") *Id.* (emphasis added). In light of the statutory requirement that mutual funds are to be separate from the advisor, in light of the failure of Plaintiff to articulate any facts to support his claim that fees charged were excessive, and the statutory requirement that only the payee is liable these claims should be dismissed.

## CONCLUSION

For the reasons articulated in the Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint and for the reasons contained herein, Plaintiff's complaint should be dismissed.

Respectfully submitted,

    /s/ *Elizabeth F. Abrams*
John D. Donovan, Jr.
Mark A. Landis
**ROPES & GRAY LLP**
One International Place
Boston, MA  02110-2624
617-951-7000

Andrew J. Soven (Pa. Id. No. 76766)
Elizabeth F. Abrams (Pa. Id. No. 86525)
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100

Gregory B. Jordan (Pa. Id. No. 42105)
Mary J. Hackett (Pa. Id. No. 51215)
Sharon L. Rusnak (Pa. Id. No. 84339)
**REED SMITH LLP**
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3131

Attorneys for Defendants the Evergreen Funds and Michael S. Scofield

Dated:  May 1, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2006, I caused a true and correct copy of the foregoing Supplemental Motion of the Evergreen Fund Defendants to Dismiss Plaintiff's Complaint, and the accompanying Memorandum of Law in Support of the Motion to be served via electronic mail through the Court's electronic filing system and via first class U.S. Mail, postage prepaid, upon the following counsel of record:

> Richard D. Greenfield
> Greenfield & Goodman LLC
> 7426 Tour Drive
> Easton, MD 21601
> email: whitehatrdg@earthlink.net
>
> Ann Miller
> Ann Miller LLC
> 834 Chestnut Street, Suite 206
> Philadelphia, PA 19107
> email: am@attorneyannmiller.com

                                                    /s/ *Elizabeth F. Abrams*
                                                 Elizabeth F. Abrams